**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **MITCHELL N. NICHOLAS,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil No. 2013-75** |
| **PEOPLE OF THE VIRGIN ISLANDS,** | ) | |
| **Defendant.** | ) | |

**ATTORNEYS:**

**Mitchell N. Nicholas**
Red Onion State Prison
Pound, VA
*Pro se petitioner,*

**Terri Griffiths, Acting Attorney General**
**Pamela R. Tepper, AAG**
**Paul Paquin, AAG**
Virgin Islands Department of Justice
St. Thomas, VI
*For the respondent.*

**ORDER**

**GÓMEZ, J.**

Before the Court is the motion of petitioner Mitchell N. Nicholas ("Nicholas") entitled "motion for transfer order" (the "motion to transfer"). In his motion to transfer, Nicholas asks this Court to transfer him from Virginia state prisons to a facility within the United States Virgin Islands.

## I. FACTUAL AND PROCEDURAL HISTORY

The Court writes for the parties, and thus has included only those facts necessary to the disposition of the instant motion.

On October 4, 2007, following a trial by jury in the Superior Court of the Virgin Islands (“Superior Court”), a jury found Nicholas guilty of first degree murder, unauthorized possession of a firearm during the commission of a crime of violence, assault in the first degree and unauthorized possession of ammunition. The Superior Court orally sentenced petitioner on December 7, 2007 and memorialized its decision in a December 27, 2007 Judgment and Commitment ("the Judgment").

On December 7, 2007, Nicholas filed a notice of appeal *pro se* with the Supreme Court of the Virgin Islands (the “Supreme Court”). The Virgin Islands Supreme Court reversed petitioner's conviction for unlawfully possessing ammunition but affirmed the Judgment in all other respects. *Nicholas v. People of the Virgin Islands*, 56 V.I. 718 (2012).

On June 18, 2012, Nicholas filed a petition for rehearing in the Supreme Court. The Virgin Islands Supreme Court denied the petition on July 10, 2012. Thereafter, Nicholas filed a petition for a writ of certiorari in the Third Circuit Court of

Appeals. On June 20, 2013, the Third Circuit denied certiorari review.

Nicholas was transferred from the Virgin Islands Bureau of Corrections to the prison system of the Commonwealth of Virginia pursuant to an agreement between the Virgin Islands and Virginia governments.

Nicholas filed a petition pursuant to 28 U.S.C. § 2254 (the "2254 petition") in this Court on July 30, 2013, seeking habeas relief. While his 2254 petition was still pending, Nicholas filed the instant motion. Nicholas's motion to transfer challenges his transfer from the Virgin Islands to Virginia and asks this Court to transfer him back to the Virgin Islands.

Since Nicholas's motion to transfer was filed, the Court has denied Nicholas's 2254 petition.

## II. ANALYSIS

Rule 9 of the Rules Governing Section 2254 Cases states that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." The Court is thus first tasked with determining whether the motion to transfer is properly considered a 2254 petition.

In his motion to transfer, Nicholas challenges not the validity of his conviction or sentence, but rather the method of executing his sentence. The Third Circuit has held that where an inmate is challenging the execution of a state sentence, the inmate must proceed under Section 2254. *See DeVaughn v. Dodrill*, 145 F. App'x 392, 394 (3d Cir. 2005)("Here, DeVaughn challenges the execution of his state sentence, i.e., the forfeiture of his good time credits. Accordingly, he must proceed under § 2254, not § 2241[.]")

Because Nicholas filed a 2254 petition prior to this one, he was obligated to obtain leave of the Third Circuit to file the instant motion. *See* 28 U.S.C. § 2254, Rule 9. Nicholas has not sought leave to file such a petition and, as such, this Court cannot rule on it.

The premises considered, it is hereby

**ORDERED** that Nicholas's motion to transfer (ECF No. 17) is **DENIED** for lack of jurisdiction.

**S_______________________**
**CURTIS V. GÓMEZ**
**District Judge**