```
            DISTRICT COURT OF THE VIRGIN ISLANDS
             DIVISION OF ST. THOMAS AND ST. JOHN

MITCHELL N. NICHOLAS,              )
                                   )
          Plaintiff,               )
                                   )
          v.                       )    Civil No. 2013-75
                                   )
PEOPLE OF THE VIRGIN ISLANDS,      )
                                   )
          Defendant.               )
                                   )
```

ATTORNEYS:

**Mitchell N. Nicholas**
Red Onion State Prison
Pound, VA
    *Pro se petitioner,*

**Terri Griffiths, Acting Attorney General**
**Pamela R. Tepper, AAG**
**Paul Paquin, AAG**
Virgin Islands Department of Justice
St. Thomas, VI
    *For the respondent.*

### ORDER

**GÓMEZ, J.**

    Before the Court is the motion of petitioner Mitchell N. Nicholas ("Nicholas") entitled "Rule 60B Motion" (the "motion to vacate"). In his motion to vacate, Nicholas asks this Court to vacate criminal judgments against him entered by the Virgin Islands Superior Court.

# I.    FACTUAL AND PROCEDURAL HISTORY

The Court writes for the parties, and thus has included only those facts necessary to the disposition of the instant motion.

On October 4, 2007, following a trial by jury in the Superior Court of the Virgin Islands ("Superior Court"), a jury found Nicholas guilty of first degree murder, unauthorized possession of a firearm during the commission of a crime of violence, assault in the first degree and unauthorized possession of ammunition. The Superior Court orally sentenced petitioner on December 7, 2007 and memorialized its decision in a December 27, 2007 Judgment and Commitment ("the Judgment").

On December 7, 2007, Nicholas filed a notice of appeal *pro se* with the Supreme Court of the Virgin Islands (the "Supreme Court"). On appeal, Nicholas argued that (1) the evidence was insufficient to sustain his convictions for first-degree murder and unlawful possession of ammunition; (2) the Superior Court erred in ruling exigent circumstances supported the warrantless search of Nicholas's person and his hotel room; (3) the Superior Court erred in permitting lay witness testimony concerning numerous issues, including their beliefs that Nicholas killed Gottlieb, Gottlieb's fear of Nicholas, and Nicholas's behavior and personality; and (4) the statute criminalizing possession of

a firearm, 14 V.I.C. § 2253(a), is unconstitutional because it impermissibly restricts the Second Amendment right to keep and bear arms. The Virgin Islands Supreme Court reversed Nicholas's conviction for unlawfully possessing ammunition but affirmed the Judgment in all other respects. *Nicholas v. People of the Virgin Islands*, 56 V.I. 718 (2012).

On June 18, 2012, Nicholas filed a petition for rehearing in the Supreme Court. The Virgin Islands Supreme Court denied the petition on July 10, 2012. Thereafter, Nicholas filed a petition for a writ of certiorari in the Third Circuit Court of Appeals. He presented the following questions for review: (1) whether the Virgin Islands Supreme Court failed to subject the Virgin Islands gun licensing statute, 23 V.I.C. § 454(3), to intermediate scrutiny when addressing Nicholas' "Second Amendment based challenge;" (2) whether 23 V.I.C. § 454(3) is unconstitutional; and (3) whether Nicholas's conviction for first degree murder is invalid as a matter of law due to the Virgin Island Supreme Court's alleged misconstruction of the standard for proving prejudice in plain error challenges. On June 20, 2013, the Third Circuit denied certiorari review.

Nicholas filed a petition pursuant to 28 U.S.C. § 2254 (the "2254 petition") in this Court on July 30, 2013, seeking habeas relief. While his 2254 petition was still pending, Nicholas

filed the instant motion. Nicholas's motion to vacate reasserts the grounds alleged in his 2254 petition. Specifically, he alleges that: the subpoenas used to obtain cellular records in his case were invalid; the agents and police officers who arrested and searched him lacked the authorization of a warrant; and the violation of his *Miranda* rights. Nicholas asks this Court to vacate the Superior Court's Judgment for these reasons.

Since Nicholas's motion to vacate was filed, the Court has denied Nicholas's 2254 petition.

## II. DISCUSSION

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, __, 131 S. Ct. 770, 780 (2011). A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a state prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). As petitioner's conviction became final after 1996, this case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Section 2254(a) permits a federal court to entertain only those applications alleging that a person is in state custody

"in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Errors of state law are not cognizable. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

A person in custody pursuant to a judgment of a state court must generally meet three requirements to obtain habeas relief: (1) exhaustion; (2) lack of a procedural bar; and (3) satisfaction of the deferential standard of review set forth in the AEDPA. *See Rose v. Lundy*, 455 U.S. 509 (1982)(exhaustion); *Coleman v. Thompson*, 501 U.S. 722, 730, 735 n.1 (1991)(procedural bar); *Bell v. Cone*, 543 U.S. 447, 455 (2005)(standard of review under AEDPA).

### III. ANALYSIS

The Court first notes that, as the motion to vacate was filed while the 2254 petition was pending and alleges the same things, the motion to vacate could be construed as a simple renewal of Nicholas's 2254 petition. To the extent the motion to vacate was a renewal of the 2254 petition, such motion is now moot due to the denial of the 2254 petition. (ECF No. 53, Order Adopting the Magistrate's Report and Recommendation and Denying Nicholas's 2254 Petition.) Out of an abundance of caution, due to Nicholas's status as a *pro se* litigant, the Court will

*Nicholas v. People of the V.I.*
Civil No. 13-75
Order
Page 6

continue its analysis as though the motion to vacate is not a renewal, but a separate petition.

Rule 9 of the Rules Governing Section 2254 Cases states that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." The Court is thus first tasked with determining whether the motion to vacate is, in fact, a motion pursuant to Federal Rule of Civil Procedure 60 (Relief from a Judgment or Order)(Rule 60), or is instead a successive 2254 petition.

Nicholas, in his motion to vacate, asserts that the motion was filed pursuant to Rule 60.

In *United States v. Edwards*, 309 F.3d 110 (3d Cir. 2002), the defendant, Edwards, filed a 2255 motion (the parallel proceeding for federal prisoners) that sought to vacate his conviction. *United States v. Edwards*, 309 F.3d 110, 112 (3d Cir. 2002). The district court denied Edwards' petition, and the Third Circuit did not allow Edwards to appeal that denial. *Id*. Thereafter, Edwards asked the Court to modify his sentence. *Id.* Such request was also denied. *Id.* Edwards then filed a motion for reconsideration. *Id.* The motion for reconsideration was denied, and Edwards appealed to the Third Circuit. *Id.*

Before the Third Circuit, Edwards argued that the district court should have construed his motion for reconsideration as a motion for reconsideration relating back to the denial of his 2255 petition. *Edwards*, 309 F.3d at 113. The Third Circuit disagreed, stating in dicta that, "even if it could be deemed to be related to the denial of his original § 2255 motion, it would be construed not as a Rule 60(b) motion, but, rather, as an unauthorized successive motion under § 2255 which the District Court may have been without jurisdiction to consider." *Id.* The Third Circuit did not elaborate further.

The Fourth Circuit, after analyzing the approaches taken by the majority of United States Courts of Appeal, distinguished true Rule 60 motions (which the Court may rule upon) from successive habeas petitions thusly:

> There may be no infallible test for making this distinction, but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

> By contrast, an example of a proper Rule 60(b) claim is an allegation that government agents perpetrated a fraud on the court during the collateral review proceedings."

*United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).

In his motion to vacate, Nicholas asserts that the Superior Court's Judgement should be vacated because of underlying errors that occurred during pre-trial investigations and at his jury trial. He seeks release from imprisonment. He alleges the same facts, and makes the same arguments, as were found in his 2254 petition. That is, Nicholas is attacking the propriety of his underlying conviction and sentence. Such a motion simply continues Nicholas's collateral attacks on his underlying conviction. As such, Nicholas's "motion to vacate" is more accurately characterized as a successive 2254 petition.

Nicholas has not sought leave to file such a petition and, as such, this Court cannot rule on it.

The premises considered, it is hereby

**ORDERED** that Nicholas's motion to vacate (ECF No. 21) is **DENIED** for lack of jurisdiction.

S\_____
    **CURTIS V. GÓMEZ**
    **District Judge**