DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS/ST. JOHN

| | |
|---|---|
| MITCHELL N. NICHOLAS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> PEOPLE OF THE VIRGIN ISLANDS, ) <br> ) <br> Respondent. ) <br> _____ ) | Civil Action No. 2013-0075 |

**Appearances:**
**Mitchell N. Nicholas,** *Pro Se*

**Dionne G. Sinclair, Esq.**
St. Thomas, U.S.V.I.
    *For Respondent*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER is before the Court on Petitioner Mitchell N. Nicholas' ("Petitioner") "Motion for Immediate Transfer" ("Motion") (Dkt. No. 73), wherein Petitioner requests a transfer from Red Onion State Prison in Virginia "back to St. Thomas" due to dangers posed by the COVID-19 pandemic. *Id.* at 2-3. Also before the Court is the Government's opposition to Petitioner's Motion. (Dkt. No. 74). For the reasons discussed below, Petitioner's Motion will be denied.

### I.    BACKGROUND

On October 4, 2007, Petitioner was convicted by a jury of First Degree Murder, in violation of 14 V.I.C. §§ 921 and 922(a)(1); Unauthorized Possession of a Firearm During the Commission of a Crime of Violence, in violation of 14 V.I.C. § 2253(a); Assault in the First Degree, in violation of 14 V.I.C. § 295(1); and Unauthorized Possession of Ammunition, in violation of 14 V.I.C. §

2256(a). *Nicholas v. People of the Virgin Islands*, 2012 WL 2053537, at *3 (V.I. June 6, 2012). On December 7, 2007, the Superior Court of the Virgin Islands sentenced Petitioner to life imprisonment for his conviction on Count One, First Degree Murder; twenty years imprisonment for his conviction on Count Two, Unauthorized Possession of a Firearm During the Commission of a Crime of Violence, to run concurrently with his sentence imposed on Count One; and five years imprisonment for his conviction on Count Four, Unauthorized Possession of Ammunition, to run consecutively to his sentences imposed on Counts One and Two. (Dkt. No. 1-1 at 3). The Superior Court did not impose a separate sentence on Count Three, Assault in the First Degree, deeming it merged with the offense charged in Count One. *Id*. On appeal, the Virgin Islands Supreme Court reversed Petitioner's conviction for Unauthorized Possession of Ammunition and vacated its corresponding sentence, but affirmed his three other convictions and their corresponding sentences. *Nicholas v. People of the Virgin Islands*, No. 2009-0022, 2012 WL 2053537, at *16 (V.I. June 6, 2012)

On May 4, 2020, Petitioner filed the instant Motion seeking his immediate transfer from Red Onion State Prison in Virginia "back to St. Thomas" due to the COVID-19 pandemic. (Dkt. No. 73). In his Motion, Petitioner describes Virginia's Inmate Early Release Plan—for which, by his own admission, he does not qualify. *Id*. at 1-2. Petitioner maintains, however, that he qualifies "under the U.S. Constitution for all convictions to be vacated," and later asserts that he is "a wrongfully convicted U.S. citizen and is being unlawfully imprisoned, resulting in this cruel and unusual punishment, a constitutional rights violation amongst others." *Id*. at 2-3. Finally, based on his contentions regarding the impact of COVID-19 on prisoners, Petitioner asserts that he should be transferred "back to St. Thomas where there is ample space and less inmates to limit the spread of the virus and the continued threat to Petitioner's life." *Id*. at 3.

The Government opposes Petitioner's Motion, arguing that he does not meet any of the criteria delineated under Virginia's Early Release Plan. (Dkt. No. 74 at 3). The Government further asserts that Petitioner is not eligible for early release or transfer under Virgin Islands law. *Id*. at 1, 3.

## II.   DISCUSSION

Petitioner's sentence was not federally imposed, and he is asking to be transferred to a different facility, while also making vague arguments that he is being unconstitutionally detained. (Dkt. No. 73). The Third Circuit has held that where an inmate is challenging the execution of a state sentence, the inmate must proceed under 28 U.S.C. § 2254. *See DeVaughn v. Dodrill*, 145 F. App'x 392, 394 (3d Cir. 2005). Pursuant to 28 U.S.C. § 2244(b)(3) and (4), before presenting a second or successive habeas petition, a petitioner must obtain an Order from the appropriate court of appeals authorizing the district court to consider the petition. *Blystone v. Horn*, 664 F.3d 397, 412 (3d Cir. 2011) ("A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar") (citation and quotation omitted); *Benchoff v. Colleran*, 404 F.3d 812, 813 (3d Cir. 2005) (finding that a challenge to the administration of a state sentence was a successive petition under 2254 and that the district court therefore did not have subject matter jurisdiction over it).

Petitioner has previously filed 2254 petitions. (Dkt. Nos. 1, 17, 59). One such petition was a Motion to Transfer, which was denied because Petitioner failed to obtain an Order from the Third Circuit authorizing the Court to consider it. (Dkt. Nos. 17, 53). Now, Petitioner has again failed to

obtain such an Order in connection with the instant Motion. Accordingly, the Court lacks jurisdiction over Petitioner's Motion pursuant to Section 2254.[1]

To the extent that Petitioner's reference to the COVID-19 pandemic and its alleged impact on prisoners suggests that he is attempting to seek relief from the Court under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), the Court notes that the CARES Act is available to *federal* prisoners incarcerated at Bureau of Prisons facilities—of which Petitioner is not. *Phea v. Pfeiffer*, 2020 WL 1892427, at *1 (E.D. Cal. Apr. 16, 2020). Thus, the CARES Act does not provide an alternative basis for relief under the circumstances here.[2]

### III. CONCLUSION

For the reasons discussed above, the Court will deny Petitioner's Motion for Immediate Transfer.

An appropriate Order accompanies this Memorandum Opinion.

Date: July 31, 2020                                    _____/s/_____
                                                       WILMA A. LEWIS
                                                       Chief Judge

---

[1] The Court acknowledges that—unlike his prior Motion to Transfer—Petitioner now seeks transfer due to the COVID-19 pandemic. However, because Petitioner is a state prisoner, his only access to the Court would be by habeas petition, and he therefore must seek authorization from the Third Circuit before filing a second or successive petition. *Reece v. Williams*, 2020 WL 3172994, at *1 (D. Nev. June 15, 2020); *Demos v. Holbrook*, 2020 WL 2745614 (W.D. Wash. May 27, 2020).

[2] The Court notes that Petitioner has not stated that he is medically vulnerable, and he acknowledges that there are currently no cases of COVID-19 at Red Onion State Prison. (Dkt. No. 73 at 2).