DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| MITCHELL N. NICHOLAS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>PEOPLE OF THE VIRGIN ISLANDS, )<br>)<br>Respondent. )<br>_____ ) | Civil Action No. 2013-0075 |

**Appearances:**
**Mitchell N. Nicholas,** *Pro Se*

**Dionne G. Sinclair, Esq.,**
St. Thomas, U.S.V.I.
    *For Respondent*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Magistrate Judge George W. Cannon, Jr.'s Report and Recommendation ("R&R") (Dkt. No. 69), in which the Magistrate Judge recommends that Petitioner Mitchell Nicholas' ("Petitioner") "Motion Pursuant to Fed R. Civ. P. Rule 60(b)(6), 28 U.S.C.A." ("Motion") (Dkt. No. 59) should be denied. Petitioner has filed objections to the R&R. (Dkt. No. 70). Also before the Court is Petitioner's "Motion for an Evidentiary Hearing" (Dkt. No. 65); Petitioner's "Motion for Emergency Hearing" (Dkt. No. 77); and Petitioner's "Motion for an Urgent Evidentiary Hearing under Fed. R. Civ. P. 60(b)(3),(6)" (Dkt. No. 78). For the reasons discussed below, the Court will accept the Magistrate Judge's R&R on the basis that this Court lacks jurisdiction over this matter and deny Petitioner's various motions for a hearing.

### I.   BACKGROUND

On October 4, 2007, Petitioner was convicted by a jury in the Superior Court of the Virgin Islands of First Degree Murder, in violation of 14 V.I.C. §§ 921 and 922(a)(1); Unauthorized

Possession of a Firearm During the Commission of a Crime of Violence, in violation of 14 V.I.C. § 2253(a); Assault in the First Degree, in violation of 14 V.I.C. § 295(1); and Unauthorized Possession of Ammunition, in violation of 14 V.I.C. § 2256(a). *Nicholas v. People of the Virgin Islands*, 2012 WL 2053537, at *3 (V.I. June 6, 2012). On December 7, 2007, Petitioner was sentenced to life imprisonment for his conviction on Count One, First Degree Murder; twenty years imprisonment for his conviction on Count Two, Unauthorized Possession of a Firearm During the Commission of a Crime of Violence, to run concurrently with the sentence imposed for Count One; and five years imprisonment for his conviction on Count Four, Unauthorized Possession of Ammunition, to run consecutively to the sentences imposed for Counts One and Two. (Dkt. No. 1-1 at 3). The Superior Court did not impose a separate sentence for Count Three, Assault in the First Degree, deeming it merged with the offense charged in Count One. *Id*. On appeal, the Virgin Islands Supreme Court reversed Petitioner's conviction for Unauthorized Possession of Ammunition and vacated its corresponding sentence, but affirmed his other convictions and their corresponding sentences. *Nicholas*, 2012 WL 2053537, at *16.

On April 18, 2019, Petitioner filed the instant Motion seeking to vacate his convictions. (Dkt. No. 59 at 6).[1] Specifically, Petitioner argues that he is entitled to relief pursuant to Fed. R. Civ. P. 60(b)(6); 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254; the First, Second, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution; and *Buck v. Davis*, 137 S. Ct. 759 (2017).

---

[1] Petitioner argues that "this matter starting from July 30, 2005 to the present resulted in a manifest injustice occurring despite repeated showings of actual innocence . . . ." (Dkt. No. 59 at 2). He contends that this Court "erred by not adjudicating [his] lack of subject matter jurisdiction claim against itself for issuing the [outdated] and unrelated federal grand jury subpoena used by the Federal Bureau of Investigations . . . to falsely arrest [him] without an arrest or search warrant or lack of probable cause . . . ." *Id*. He concludes his Motion by reiterating his claim that he is innocent and requesting that the Court vacate his remaining convictions or, in the alternative, hold an evidentiary hearing. *Id*. at 6.

*Id*. at 1. The Government opposes the Motion (Dkt. No. 62). In his R&R, Magistrate Judge Cannon recommends that Petitioner's Motion be denied in part because it is a successive habeas petition (Dkt. No. 69 at 11).[2]

## II.  STANDARD OF REVIEW

Parties may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

When a party makes a *timely* objection, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Where the parties fail to file timely objections, there is no statutory requirement that the district court review the R&R before accepting it. *Anderson v. United States*, 2019 WL 1125816, at *1 n.1 (M.D. Pa. Mar. 12, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The Third Circuit has determined, however, that as a matter of good practice, district courts should "afford some level of review to dispositive legal issues" raised in an R&R under a plain error standard. *Nara v. Frank*, 488 F.3d 187, 196 (3d Cir. 2007), *as amended* (June 12, 2007). A plain error review involves a determination as to whether the R&R contains any "clear" or "obvious" error affecting the Petitioner's "substantial rights." *United States v. Olano*, 507 U.S. 725, 734 (1993).

---

[2] The Magistrate Judge also considered the merits of Petitioner's Motion, recommending that the Motion be denied because, *inter alia,* Petitioner's Motion is untimely; Petitioner failed to establish that his attorney's performance prejudiced him; and Petitioner has failed to demonstrate that the circumstances entitle him to relief on his "actual innocence" claim. (Dkt. No. 69 at 13-23).

3

Here, the Magistrate Judge issued his R&R on September 5, 2019. (Dkt. No. 69). However, in his "Objection to Report and Recommendation," Plaintiff asserts that he did not receive a copy of the R&R until November 25, 2019 due to issues regarding a change of his address. (Dkt. Nos. 64, 70 at 1). Therefore, accepting Petitioner's assertion as true, the fourteen-day period for raising his objections expired on December 9, 2019, thus making his objections—submitted on November 29, 2019—timely. *Id*. at 4. Accordingly, the Court will review the matter *de novo*.

### III.   DISCUSSION

The Magistrate Judge recommends that the Court deny Petitioner's Motion. (Dkt. No. 69). In his R&R, the Magistrate Judge details why he believes Petitioner's Motion fails on the merits. *Id*. at 11-23. However, the Magistrate Judge also states that "[a]ll of [Petitioner's] arguments should fail for the simple reason that they are an attempt to gain relief via a successive habeas petition." *Id*. at 11. The Court agrees and thus finds that it lacks jurisdiction over this matter. The Magistrate Judge's R&R will be accepted on that basis only.

Petitioner is a state prisoner bringing his Motion under Fed. R. Civ. P. 60(b)(6); 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254; the First, Second, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution; and *Buck v. Davis*, 137 S. Ct. 759 (2017). (Dkt. No. 56 at 1). The Third Circuit has held that where an inmate is challenging the execution of a state sentence, the inmate must proceed under 28 U.S.C. § 2254. *See Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Pursuant to 28 U.S.C. § 2244(b)(3) and (4), before presenting a second or successive habeas petition, a petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition. *Blystone v. Horn*, 664 F.3d 397, 412 (3d Cir. 2011) ("A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar") (citation and quotation omitted);

*Benchoff v. Colleran*, 404 F.3d 812, 813 (3d Cir. 2005) (finding that a challenge to the administration of a state sentence was a successive petition under 2254 and that the district court therefore did not have subject matter jurisdiction over it).

Petitioner has filed other 2254 petitions. (Dkt. Nos. 1, 17, 73). Two such petitions were already denied because Petitioner failed to obtain an Order from the Third Circuit authorizing the Court to consider them. (Dkt. Nos. 17, 53, 73, 75). While Petitioner claims to bring the instant Motion in part pursuant to Fed. R. Civ. P. 60(b), this purported basis for the Motion does not negate the fact that Petitioner seeks to have the Court vacate his Superior Court convictions. In other words, Petitioner is asserting "a federal basis for relief from a state court's judgment of conviction." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005); *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004) (holding that "when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition."). Thus, the Court finds that Petitioner's Motion is in reality a habeas petition—a successive one— and Petitioner has again failed to obtain an Order from the Third Circuit authorizing the Court to consider it. This failure acts as a "jurisdictional bar." *Horn*, 664 F.3d at 412.

### III. CONCLUSION

For the reasons discussed above, the Court will accept the Magistrate Judge's R&R (Dkt. No. 69) on the sole basis that the Court lacks jurisdiction over this matter. In addition, the Court finds that a hearing is not necessary for the adjudication of the matter, and will therefore deny Petitioner's motions for a hearing. (Dkt. Nos. 65, 77, 78).

An appropriate Order accompanies this Memorandum Opinion.

Date: September 14, 2020 _____/s/_____
WILMA A. LEWIS
Chief Judge